**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Debra Ann Draper,** | Bankruptcy No. 21-09029 |
| Debtor. | Honorable David D. Cleary |

## NOTICE OF MOTION

**Please take notice** that, on Wednesday, March 6, 2024, at 10:00 a.m., I will appear before the Honorable David D. Cleary, or any judge sitting in that judge's place, **either** in Courtroom 644 of the Everett McKinley Dirksen Federal Courthouse, 219 S. Dearborn, Chicago, IL 60604, **or** electronically as described below, and present the **Motion to Approve Settlement with Chicago Board of Education, and Motion to Pay Special Counsel Robert Smoler** brought by Ariane Holtschlag, chapter 7 Trustee for the estate of Debra Ann Draper.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by Zoom using a telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **161 122 6457** and the password is **Cleary644**. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: February 14, 2024  **Ariane Holtschlag, not individually but as chapter 7 Trustee for the estate of Debra Ann Draper,**

By: */s/ Justin R. Storer*
    One of Her Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 373-7226
Fax: (847) 574-8233
Email: jstorer@wfactorlaw.com

4885-2470-1861, v. 1

## CERTIFICATE OF SERVICE

    I, Justin R. Storer, an attorney, certify that I served a copy of this notice and the attached application on each entity shown on the below list at the address shown and by the method indicated on February 14, 2024.

                                                      */s/ Justin R. Storer*

## SERVICE LIST

**Registrants**
(Service via ECF)

| | |
|---|---|
| **Ariane Holtschlag, trustee** | aholtschlag@wfactorlaw.com;<br>aholtschlag@ecf.axosfs.com;<br>bkadmin@axosfs.com;<br>ariane.holtschlag@gmail.com |
| **Patrick S Layng** | USTPRegion11.ES.ECF@usdoj.gov |
| **Justin R. Storer** | jstorer@wfactorlaw.com;<br>bsass@wfactorlaw.com;<br>jstorer@ecf.courtdrive.com |

**Non-Registrants**
(Service via First-Class U.S. Mail)

*See attached service list.*

Blue Cross Blue Shield Of Illinois
PO Box 7344
Chicago IL 60680-7344

APM Surgical Group, Ltd.
Powers & Moon, LLC
707 Lake Cook Rd., Ste. 102
Deerfield, IL 60015-4909

Advanced Physical Medicine Centers, S.C.
Powers & Moon, LLC
707 Lake Cook Rd., Ste. 102
Deerfield, IL 60015-4909

Capital One
POB 30285
Salt Lake City UT 84130-0285

Caesar Rewards
PO Box 659584
San Antonio TX 78265

Capital One
PO Box 6492
Carol Stream IL 60197-6492

Department Stores National Bank
c/o Quantum3 Group LLC
PO Box 657
Kirkland, WA  98083-0657

Capital One Bank (USA), N.A.
by American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

David H. Moon
Powers & Moon, LLC
707 Lake Cook Rd., Ste. 102
Deerfield, IL 60015-4909

Debra Ann Draper
6611 So. Campbell
Chicago, IL 60629-1310

Discover
PO Box 6103
Carol Stream ILL 60197-6103

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

Macy's
PO Box 6103
Carol Stream IL 60197-6103

First Bank
PO Box 2340
Omaha NE 68103-2340

First National Bank of Omaha
c/o BQ & Associates, PC, LLO
14211 Arbor Street, Suite 100
Omaha, NE 68144-2312

Orthopaedic Specialists of the North Shore
Po Box 566
Sister Bay, WI 54234-0566

JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Network Durable Medical Equipment, LLC
2649 N. Laramine Ave
Chicago, Il 60639-1613

Saint Anthony Hospital
PO Box 809109
Chicago ILL. 60680-9109

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

Sahag LLC
PO Box 083260
Chicago IL 60691-0260

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk VA 23541-1021

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Sinai Health System
26460 Network Place
Chicago IL 60673-1264

Sam Club Mc/SYNCB
PO Box 960013
Orlando FL. 32896-0013

TCF First Bank Card
PO Box 2557
Omaha NE 68103-2557

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Debra Ann Draper,** | Bankruptcy No. 21-09029 |
| Debtor. | Honorable David D. Cleary |

**MOTION TO APPROVE SETTLEMENT WITH CHICAGO BOARD OF EDUCATION, AND MOTION TO PAY SPECIAL COUNSEL ROBERT SMOLER**

Ariane Holtschlag, not individually, but in her capacity as the chapter 7 Trustee for the estate of Debra Ann Draper, respectfully requests that the Court enter an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving the settlement reached between herself and the Chicago Board of Education related to prebankruptcy injuries, and subsequent workers' compensation claim, suffered by the Debtor.

Pending approval by this Court, the Parties have reached a settlement on the terms and conditions set forth in the Settlement Agreement (the "*Settlement*") attached as **Exhibit A**. The Trustee also asks, in this motion, for authority to pay her special counsel, Robert Smoler, the 20% provided-for by his engagement with the trustee, as well as reimbursement of his expenses.

In support of this motion, the Trustee respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (M), and (O), in which the Court may constitutionally enter a final order, and the Trustee consents to the entry of a final order by the Court.

3. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On July 29, 2021, the Debtor commenced this bankruptcy case by filing a petition for relief under chapter 7 of the United States Bankruptcy Code.

5. On August 12, 2021, the Debtor filed her sole set of schedules in this case. She failed to disclose a workers' compensation action to which she was a party, *Debra Draper v. Chicago Public Schools*, case 14WC043652 before the Illinois Workers' Compensation Commission.

6. On November 17, 2021, the Trustee obtained this Court's authority to employ Robert Smoler, the Debtor's prebankruptcy counsel, to assist her in prosecuting the action. Smoler's engagement agreement

provides for him to be paid, as attorneys' fees, 20% of all monies recovered in a workers' compensation action, as well as reimbursement of expenses.

7. With Smoler's assistance, the Trustee and the Board of Education have settled the matters relating to the worker's compensation claim.

## DISCUSSION

8. The settlement provides, in brief, for a total payment of $174,924.95.

9. That figure, however, includes a $10,030.00 "Medicare set-aside" that the Board of Education obtained, that was approved by the Centers for Medicare and Medicaid Services, prepetition.

10. All parties in a worker's compensation case have a duty to protect Medicare's interests when resolving workers' compensation cases that include future medical expenses, 42 C.F.R. 411.46.

11. This set-aside will be used to pay future medical expenses of the Debtor, and only after their exhaustion will Medicare begin to pay such future medical expenses. 42 C.F.R. 411.46(d)(2).

12. Accordingly, this $10,030.00 is properly understood as a payment to be held in trust for the benefit of medical providers that provide future service to the workers' compensation claimant, and so is excluded from the estate because the Debtor has no equitable interest therein, *see* 11 U.S.C. 541(d). *See, e.g., Ryan v. Branko Prpa M.D.*, 55 F.4th 1108, 1118 (7th Cir.

2021) (finding that, upon application of Wisconsin law, a Medicare set-aside provision "created an express trust in favor of medical creditors"), *In re Arelano*, 524 B.R. 615, 621-23 (Bankr. M.D.Pa. 2015) (same determination, applying Maryland law), *see also* 4 Collier on Bankruptcy ¶ 522.09[12], p. 522–79 (16th ed. rev. 2014) ("Though ostensibly belonging to the debtor, medical payments are actually not the property of the debtor, but are held in trust for another.")

13. Accordingly, the Trustee requests memorialization, in her proposed order, that this set-aside is not property of the chapter 7 bankruptcy estate.

14. After the set-aside, the resulting $164,894.95 will be paid to the Trustee for the payment of allowed claims.

15. The Trustee requests, by this motion, that she have authority to pay Smoler his 20% ($32,978.99), and to reimburse his actual expenses in the amount of $1,026.70.

16. The itemization of Smoler's expenses in the settlement agreement may appear unclear. After $6.70 for postage, Smoler's reimbursement of expenses includes $900.00 for a narrative report and $20.00 apiece for <u>six</u> subpoena fees. The itemization does not specify the total number of subpoena fees.

## BASIS FOR RELIEF REQUESTED

17. A trustee may settle or compromise a dispute with bankruptcy court approval. Fed. R. Bankr. P. 9019.

18. "A bankruptcy court may approve a settlement agreement only if it is in the best interest of the bankruptcy estate." *In re Holly Marine Towing, Inc.*, 669 F.3d 796, 801 (7th Cir. 2012). "The linchpin of the 'best interests of the estate' test is a comparison of the value of the settlement with the probable costs and benefits of litigating." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007) (*citing In re Energy Coop.*, 886 F.2d 921, 927 (7th Cir. 1989)). "Among the factors the court considers are the litigation's probability of success, complexity, expense, inconvenience, and delay, 'including the possibility that disapproving the settlement will cause wasting of assets.'" *Id.* (*quoting LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987)).

19. "As part of this test, the value of the settlement must be reasonably equivalent to the value of the claims surrendered. This reasonable equivalence standard is met if the settlement falls within the reasonable range of possible litigation outcomes. Because litigation outcomes cannot be predicted with mathematical precision, only if a settlement falls below the low end of possible litigation outcomes will it fail the reasonable equivalence standard." *Id.* (citations omitted); *accord In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 553 (Bank. N.D. Ill. 1994). This

determination should be weighted in favor of settlement, and a challenged settlement will fail the test only if it falls below the lowest point in the range of reasonableness. *Telesphere*, 179 B.R. at 553.

20. Here, the Settlement meets the above-cited standards for judicial approval and comports with the public policy considerations favoring settlements generally by saving the Estate the expense and uncertainty of further proceedings.

21. The Trustee submits that the proposed Settlement is the product of good faith, arms'-length negotiations between the Trustee and the Board of Education, is fair and equitable, and is mutually satisfactory to the parties.

22. Prompt authority to pay Smoler's compensation is similarly appropriate. Under 11 U.S. C. § 330(a)(1), the court may award "reasonable compensation for actual, necessary services…and reimbursement for actual, necessary expenses" to professional persons employed under 11 U.S.C. § 327. "The Code specifically contemplates a contingent fee to be among 'the customary compensation charged by comparably skilled practitioners....'" *In re Rest. Dev. Group, Inc.*, 2008 Bankr. LEXIS 4561, 7-8 (Bankr. N.D. Ill. Sept. 5, 2008) (citing 11 U.S.C. § 328(a)). "A contingent fee is a recognized basis upon which to award attorney fees in bankruptcy, and any agreement for a contingent fee should be considered in determining the reasonableness and necessity of a request under § 330(a)(3)(F)." *Id*. In fact,

contingent fee arrangements require less judicial scrutiny than traditional hourly applications because "[c]ontingent fees…spread the risk of litigation between attorney and client…[and] allow the client to proceed with litigation when funds are not immediately available to pay counsel…[and] align private incentives in determining attorney work…." *Id*. at 8-9.

23. For these reasons, the Trustee respectfully submits that the proposed Settlement, and contemporaneous approval of Smoler's fees and costs, and authority to pay him as soon as funds are available in the Estate, is in the best interests of the Estate.

## NOTICE

24. At least twenty-one days' notice of this motion has been given to: (i) the Office of the United States Trustee; (ii) the Debtor; and (iii) all creditors and other parties in interest that receive notice via first-class mail.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order 1) approving the Settlement on the terms outlined herein; 2) authorizing the Trustee to take such steps as are necessary to complete the Settlement; and 3) finding that the "set-aside" is not property of the bankruptcy estate, 4) approving Smoler's compensation and reimbursement of expenses, 5) authorizing payment to Smoler as described above without further order of court, and 6) granting such other and further relief as this Court may deem just and appropriate.

           **Ariane Holtschlag,** not individually, but as chapter 7 Trustee for the estate of Debra Ann Draper,

           By: */s/ Justin R. Storer*
           One of Her Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 373-7226
Fax:    (847) 574-8233
Email:  jstorer@wfactorlaw.com

4885-2470-1861, v. 1